IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICHARD K. BINNS                                                        PLAINTIFF

vs.                              Civil No. 1:22-cv-01018

COMMISSIONER, SOCIAL                                      DEFENDANT
SECURITY ADMINISTRATION

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Richard K. Binns ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.      **Background:**

Plaintiff filed his disability applications on August 16, 2019. (Tr. 14). In these applications, Plaintiff alleges being disabled due to frequent kidney disease, arthritis in both hands and other body parts, an enlarged prostate, heat stroke, migraines, a head stroke, "broken bones," leg surgery in his right femur, and anxiety. (Tr. 229). Plaintiff alleges an onset date of April 1, 2018. (Tr. 14). These applications were denied initially on November 18, 2019, and they were denied again on reconsideration on January 4, 2020. *Id.*

Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 29-53). Plaintiff's administrative hearing was held in Alexandria, Louisiana on November 16, 2020. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Harris Rowzie testified. *Id.* During this hearing, Plaintiff testified he was fifty-two (52) years old. (Tr. 31).

On April 14, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 11-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 16, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2018, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: major depressive disorder and generalized anxiety disorder. (Tr. 17, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-19, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 19-21, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: He can perform simple, routine, repetitive work and make simple work-related decisions with no more than occasional interaction with supervisors, coworkers, and the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a painter (medium, unskilled). *Id.* Considering his

RFC, work experience, and the VE's testimony, the ALJ found Plaintiff retained the capacity to perform his PRW as a painter as it is generally performed in the national economy. *Id.*

Based upon that finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from April 1, 2018 through April 14, 2021, the date of her decision. (Tr. 21, Finding 7). Plaintiff sought review with the Appeals Council. (Tr. 1-4). On February 2, 2022, the Appeals Council denied Plaintiff's request for review. *Id.* On March 28, 2022, Plaintiff filed the present appeal. ECF No. 1. This case is now ready for decision.

**2.   Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his decision, Plaintiff raises three arguments for reversal: (A) the ALJ's dispositive finding is based upon an unresolved vocational conflict; (B) the ALJ erred in failing to include all of his limitations in the RFC determination and in the hypothetical to the VE; and (C) the ALJ and the

Appeals Council judges had no legal authority to adjudicate this case because they were not properly appointed. ECF No. 12 at 1-18. The Court will separately consider these arguments for reversal.

### A. Vocational Expert Testimony

Plaintiff argues the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles*. ECF No. 12 at 4-9. Plaintiff claims he is limited to "one and two-step tasks," and the occupation identified by the ALJ requires a higher level of reasoning. *Id.* Plaintiff claims the ALJ has the responsibility to resolve such an apparent conflict. *See Stanton v. SSA,* 899 F.3d 555, 558 (8th Cir. 2018) (recognizing "[t]his court . . . long has held that before an ALJ can rely on a vocational expert's testimony that appears to conflict with a Dictionary listing, the ALJ must identify and resolve the conflict").

Upon review of Plaintiff's claim, the Court finds there was no apparent conflict for the ALJ to resolve. The ALJ determined in her RFC assessment that Plaintiff was limited to "simple, routine, repetitive work and make simple work-related decisions with no more than occasional interaction with supervisors, coworkers, and the public." (Tr. 19, Finding 5). Plaintiff's proposed limitations of "one and two-step tasks" is not the limitation the ALJ found. The ALJ then identified an occupation Plaintiff retained the capacity to perform: his PRW as a painter. Such a job is unskilled, and it is consistent with Plaintiff's RFC as stated above.[1]

### B. RFC Determination

Plaintiff claims the ALJ failed to include all of his mental limitations in her RFC assessment. ECF No. 12 at 9-16. Specifically, Plaintiff claims the ALJ found in the psychiatric review technique

---

[1] The ALJ even stated in her decision that the VE's testimony was "consistent with the information provided in the Dictionary of Occupational Titles." (Tr. 21). The ALJ also noted in her decision that the testimony as to "interacting with others" was also based upon "the vocational expert's knowledge and experience." *Id.* Thus, the ALJ did consider the DOT, as well as the VE's experience, in her assessment.

(PRT) that Plaintiff had a mild limitation in understanding, remembering, and applying information; *moderate* limitation in interacting with others; *moderate* limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing himself. *Id.* Despite these findings, however, the ALJ did not include any of these limitations in the RFC determination. Plaintiff argues this was reversible error.

Upon review, however, the ALJ did state in her RFC assessment that Plaintiff was limited to "simple, routine, repetitive work and make simple work-related decisions with no more than occasional interaction with supervisors, coworkers, and the public." (Tr. 19, Finding 5). In making this determination, the ALJ did assign Plaintiff mental limitations, and there is no basis for finding this determination was inconsistent with the ALJ's PRT assessment.

**C. Judicial Authority of the ALJs and Appeals Council Judges**

Plaintiff argues this case should be remanded for a new hearing because the judges appointed by SSA were unlawfully appointed and without authority to make any determinations. ECF No. 12 at 17-18. Plaintiff argues Ms. Berryhill became the Acting Commissioner on January 20, 2017, and her service continued until June 17, 2019. *Id.* Plaintiff claims that under the Federal Vacancies Reform Act, 5 U.S.C. § 3346 (a), Ms. Berryhill's service should have ended 210 days after her service began, or her service should have ended on November 16, 2017. *Id.* Plaintiff claims all of the ALJ and Appeals Council judge appointments made by Ms. Berryhill from November 16, 2017 through June 17, 2019 were unlawful and invalid. *Id.*

The Court declines to grant relief on this issue. Importantly, and as an initial matter, Plaintiff has not demonstrated the ALJ in question in this case, Judge Devona Able, was appointed during the time-period in question when Ms. Berryhill is alleged to have had no authority to make such an appointment. Thus, there has been no demonstration there is a ripe issue before this Court, and this

Court will not provide a potential advisory opinion on this issue.[2] *See Ringo v. Lombardi,* 677 F.3d 793, 796 (8th Cir. 2012) (recognizing "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy") (internal citation omitted).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this   12th   day of January 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] As a final point, this very issue—regarding Ms. Berryhill's authority as acting Commissioner of the SSA—is currently pending before the U.S. Court of Appeals for the Eighth Circuit.  *See Dahle v. Kijakazi,* 22-1601 (8th Cir. 2022).